IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE HEALTH, | ) | |
| | ) | |
| MATTHEW WALKER, as fiduciary of | ) | |
| UNITE HERE HEALTH, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | NO. 19 C 7453 |
| vs. | ) | |
| | ) | JUDGE |
| CHESTNUT STREET HOTEL MANAGEMENT, | ) | |
| LLC, d/b/a TREMONT CHICAGO HOTEL, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, UNITE HERE HEALTH ("Welfare Fund") and MATTHEW WALKER, as fiduciary of UNITE HERE HEALTH (collectively "Plaintiffs"), by their attorneys, complaining of the Defendant, CHESTNUT STREET HOTEL MANAGEMENT, LLC, d/b/a TREMONT CHICAGO HOTEL, LLC., allege as follows:

## JURISDICTION

1.     This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2.     Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5)

and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3. The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4. Defendant is a corporation and is engaged in the hospitality industry with a principal place of business located at 100 East Chestnut Street, Chicago, Illinois 60611.

## VENUE

5. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

6. Defendant is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

2

7.     Defendant, by its authorized agent, executed a collectively-bargained labor agreement with UNITE HERE Local 1, effective through August 31, 2018 (the "Agreement"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees.

8.     The Agreement bound Defendant to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

9.     Plaintiffs have complied with all conditions precedent in bringing this action.

10.     A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

## WELFARE FUND DELINQUENCIES

11.     The Welfare Fund incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12.     Defendant has failed to submit payments to the Welfare Fund for benefits due for employees who performed work covered under the collective bargaining agreement for the work months of October 2018 through December 2018 and August 2019 through October 2019.  In addition, Defendant paid contributions late for the work months of July 2019 forward and owes unpaid interest and liquidated damages for the report paid late.

13.     As a result of the failure to make the required contributions, Defendant is currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $48,916.86 |
| Interest | $      93.27 |
| Liquidated Damages | $  2,289.18 |
| TOTAL | $51,299.31 |

3

14. Interest has continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

15. The total amount currently due and owing to the Welfare Fund is $49,103.40, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

16. By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant as follows:

(a) on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(a) that an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

4

    (c)      such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Tremont Chicago Hotel\complaint.lmf.df.wpd